UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>V.<br><br>EDDIE PAUL HARRIS,<br>    Defendant. | CRIMINAL NO. 5:16-51-KKC<br><br><br>**OPINION AND ORDER** |

*** *** ***

This matter is before the Court on several motions by the defendant Eddie Paul Harris, who pleaded guilty to being a felon in possession of a firearm.

This matter was set for trial on Monday, January 23, 2017. On the Friday before trial was set to begin, Harris moved for a suppression hearing. The Court granted the motion and conducted a suppression hearing on the morning of trial at which both parties were offered the opportunity to present evidence and argument.

At the hearing, Harris moved to suppress the sawed-off shotgun that forms the basis for his charge and also moved to suppress certain statements he made to law enforcement officers at the time of his arrest regarding the location of the gun. After the hearing, the Court denied the motion. Among other reasons for denying the motion, the Court noted that Harris was on probation at the time of the search of his home and he had specifically consented to the warrantless search of his person and residence anytime his probation officer should have a reasonable suspicion that contraband would be found there. The Court found that such reasonable suspicion existed at the time of the search.

The Court then proceeded with the trial. The jury was selected, the lawyers gave opening statements, and the United States completed its presentation of evidence. At the close of the United States' case, Harris advised the Court that he wished to plead guilty to the charge. The Court conducted a rearraignment and Harris pleaded guilty. Sentencing is scheduled for May 5, 2017.

While Harris has been represented by counsel throughout these proceedings, he has now filed multiple motions pro se. With the first of those motions, Harris seeks to withdraw his guilty plea. He argues that his plea was not knowingly and voluntarily entered into but was instead the result of "undue influence" by his counsel.

In order to withdraw a guilty plea, a defendant must show a "fair and just reason" why he should be allowed to do so. Fed. R. Crim. P. 11(d)(2)(B). When considering whether to allow a defendant to withdraw a guilty plea, district courts consider a number of factors:

> (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted.

*United States v. Willett*, No. 15-6350, 2017 WL 927786, at *3 (6th Cir. Mar. 8, 2017) (quoting *United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994)).

After considering these factors, the Court will deny Harris's motion to withdraw his guilty plea. With this motion, Harris does not assert that he is innocent of the charge. Instead, he continues to argue that his constitutional rights were violated when the officers searched his residence and arrested him. Harris will have an opportunity to appeal this Court's ruling on

his motion to suppress. That is the appropriate manner of objecting to the Court's suppression ruling; a trial on the underlying charge is not.

Harris has had ample experience with the criminal justice system, having been previously convicted of felonies including murder and drug trafficking. (DE 3, Notice.) Thus, Harris would have understood the consequences of his actions when he pleaded guilty. Further, in accepting Harris's guilty plea, the Court conducted the colloquy under Federal Rule of Criminal Procedure 11 to ensure that the guilty plea was entered knowingly and voluntarily. As part of the colloquy, the Court informed Harris that he had a right to a jury trial, including the right to confront witnesses against him, and also informed him that he waived these rights if he pleaded guilty to the charge. The Court is satisfied that Harris understood the charge against him and the consequences of pleading guilty.

For all these reasons, the Court cannot find any "fair and just reason" for permitting Harris to withdraw his guilty plea. Accordingly, his motion to withdraw his guilty plea will be denied.

Harris also moves pro se for leave to file an interlocutory appeal. The Court assumes that Harris wishes to appeal the Court's denial of the motion to suppress. The Court will deny this motion. "It is well-settled that a criminal defendant cannot take an immediate appeal from an order denying a pretrial motion to suppress evidence." *United States v. Shameizadeh*, 41 F.3d 266, 267 (6th Cir. 1994). "Rather, such an order can be appealed only after the entry of final judgment in the action." *Id*. Harris may appeal this Court's ruling on the motion to suppress after sentencing.

Harris also moves the Court to remove Pamela Ledgewood as his counsel. It is not clear whether Harris requests to represent himself at sentencing or whether he requests that the Court appoint new counsel to represent him. The Court will set this issue for a hearing on **April 26, 2017 at 11:00 a.m.**

Finally, Harris also requests a "fair hearing." He does not indicate what issue he seeks to be heard on. The Court will grant this motion to the extent that Harris seeks a hearing on his motion to remove his counsel but will otherwise deny it.

For all these reasons, the Court hereby ORDERS as follows:

1) Harris's motion to withdraw his guilty plea (DE 38) is DENIED.

2) Harris's motion for removal of counsel (DE 39) will be heard on **April 26, 2017 at 11:00 a.m.**

3) Harris's motion for a hearing (DE 40) is GRANTED to the extent that he seeks a hearing on his motion for removal of counsel and is otherwise DENIED; and

4) Harris's motion for leave to file interlocutory appeal (DE 44) is DENIED.

Dated April 19, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY