UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br> **Plaintiff,**<br><br>V.<br><br>**EDDIE PAUL HARRIS,**<br> **Defendant.** | CRIMINAL NO. 5:16-51-KKC<br><br><u>**OPINION AND ORDER**</u> |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on two motions (DE 57, 60) filed by the defendant Eddie Paul Harris, who has pleaded guilty to the being a felon in possession of a firearm, which is the sole count against him.

Although Harris is represented by counsel, he filed both motions pro se. With the first motion, Harris again seeks to withdraw his guilty plea and, with the second, Harris appears to continue to argue that the Court should suppress certain evidence.

For the following reasons, the Court will allow Harris to withdraw his guilty plea. This means that Harris may go to trial on the charge against him and, after the trial, may appeal this Court's prior denial of his motion to suppress. The Court will not, however, revisit its suppression ruling.

**I. Background**

This matter was set for trial on Monday, January 23, 2017. On the Friday before trial was set to begin, Harris moved for a suppression hearing. The Court granted the motion and conducted a hearing on the morning of trial at which both parties were offered the opportunity to present evidence and argument.

At the hearing, Harris moved to suppress the sawed-off shotgun that forms the basis for the charge against him and he also moved to suppress certain statements he made to law enforcement officers at the time of his arrest regarding the location of the gun. After the hearing, the Court denied the motion. Among other reasons for denying the motion, the Court noted that Harris was on probation at the time of the search at issue and he had specifically consented to the warrantless search of his person and residence anytime his probation officer should have a reasonable suspicion that contraband would be found there. The Court found that such reasonable suspicion existed at the time of the search.

The Court then proceeded with the trial. The jury was selected, the lawyers gave opening statements, and the United States completed its presentation of evidence. At the close of the United States' case, Harris advised the Court that he wished to plead guilty to the charge. He explicitly stated that the gun described in the indictment did indeed belong to him. The Court conducted a rearraignment and Harris pleaded guilty.

Later, Harris filed his first pro se motion to withdraw his guilty plea, arguing that his plea was not knowingly and voluntarily entered into but was instead the result of "undue influence" by his appointed counsel. The Court denied that motion, noting that the basis for it was Harris's continuing argument that his constitutional rights were violated when the officers searched the residence and arrested him. He did not recant his statement that he did indeed possess the firearm.

Harris has now filed a second motion to withdraw his guilty plea. The Court will grant the motion. Harris has continually argued that this Court wrongly denied his motion to suppress and, thus, appears intent on appealing that ruling. While the United States indicated at the time of Harris's plea that he could appeal the Court's ruling, Harris did not preserve in writing his right to appeal the ruling as required under Federal Rule of

Criminal Procedure 11(a)(2). Accordingly, the Court will permit Harris to withdraw his guilty plea.

In support of his current motion, Harris argues that law enforcement mishandled the investigation that led to his arrest; that his appointed counsel mishandled his case; and that the undersigned is prejudiced against him.

As to his argument that the law enforcement officials mishandled the investigation, Harris continues to argue that the officers violated his Fourth and Fifth Amendment rights when they obtained evidence and statements from him after the search. As explained above, the Court conducted a hearing on this issue and found the officers' conduct did not warrant suppression of the shotgun or statements. Harris provides the Court with no reason to revisit that ruling.

As to any argument that Harris's appointed counsel, Pamela Ledgewood, has mishandled his case, the Court has observed the hard work that Ms. Ledgewood has put into this case, including filing objections to Harris's classification as an Armed Career Criminal. Nevertheless, because Harris views the relationship as unworkable, the Court will appoint Harris new counsel.

Finally, Harris argues that certain statements and rulings made by the undersigned indicate prejudice against Harris. The undersigned assures Harris she harbors no prejudice against him and that any rulings have been based on the law and the facts of this particular case. To the extent that Harris requests that the undersigned recuse from this case, the Court finds no grounds warranting recusal under 28 U.S.C. § 455.

With his second motion, which Harris labels a petition for "writ of coram nobis," Harris continues to argue that the Court should suppress the evidence seized from the residence and his statement made after the search. Nothing Harris alleges requires any amendment to the Court's prior order on the issue.

For all these reasons, the Court hereby ORDERS as follows:

1) Harris's second motion to withdraw his guilty plea (DE 57) is GRANTED;

2) Harris's motion styled as a petition for writ of corum nobis (DE 60) is DENIED;

3) the Clerk of the Court is DIRECTED to assign new counsel to represent Harris pursuant to the Criminal Justice Act;

4) Attorney Pamela Ledgewood is relieved of all further responsibilities in this action;

5) this matter is set for a telephonic scheduling conference on **December 5, 2017 at 1:00 p.m.**; and

6) the parties are to call 888-684-8852, using access code 6823688. Please dial in a few minutes before the conference is scheduled to begin.

Dated November 21, 2017.

*Karen K. Caldwell*

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY