UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,  Plaintiff, | CRIMINAL NO. 5:16-51-KKC |
| V. | OPINION AND ORDER |
| EDDIE PAUL HARRIS,  Defendant. | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on the motion for compassionate release (DE 116) filed by defendant Eddie Paul Harris pursuant to 18 U.S.C. 3582(c)(1)(A). For the following reasons, the motion will be denied.

By judgment dated September 5, 2018, the Court sentenced Harris to a prison term of 180 months after he pleaded guilty to illegally possessing a firearm as a convicted felon. According to the Bureau of Prisons' website, Harris is scheduled for release on January 6, 2030. He is currently housed at Hazelton FCI.

18 U.S.C. § 3582(c)(1)(A) provides for what is commonly referred to as "compassionate release." Prior to the First Step Act, PL 115-391, 132 Stat 5194 (Dec. 21, 2018), the Court could not grant a motion for compassionate release unless the director of the Bureau of Prisons (BOP) filed the motion. See 18 U.S.C. § 3582(c)(1)(A) (2017). The First Step Act amended § 3582(c)(1)(A) to allow the court to grant a motion for compassionate release filed by the defendant himself "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the

lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C.A. § 3582(c)(1)(A); PL 115-391, 132 Stat 5194 § 603 (Dec. 21, 2018). The Sixth Circuit has determined that the occurrence of one of the two events mentioned in the statute is a "mandatory condition" to the Court granting compassionate release. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). If the government "properly invoke[s]" the condition, the Court must enforce it. *Id.* at 834. Here, the government does not dispute that Harris has met the mandatory condition. Accordingly, the Court may consider this motion.

The compassionate release statute permits this Court to "reduce the term of imprisonment" and "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C.A. § 3582(c)(1)(A). Under the applicable provision of Section 3582(c)(1)(A), however, the Court may grant this relief only if it finds that "extraordinary and compelling reasons warrant such a reduction," and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C.A. § 3582(c)(1)(A)(i).

The statute does not define "extraordinary and compelling." The commentary to the policy statement by the Sentencing Commission applicable to Section 3582(c)(1)(A) provides some guidance, but the Sixth Circuit has determined it does not apply to "cases where an imprisoned person files a motion for compassionate release." *United States v. Jones*, 990 F.3d 1098, 1108 (6th Cir. 2020). Thus, until the Sentencing Commission updates the policy statement to reflect that inmates may now file a compassionate-release motion on their own, district courts have "full discretion . . . to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Id.*

Harris, however, does not set forth any circumstances that the Court could find extraordinary and compelling. He states he is 73, "wheel chair bound," and suffering from dementia, a discless spinal cord, high blood pressure, heart rhythm disorder, "excruciating pains from previous broken neck," a "Palsy-disorder (severe shakes)" and sciatica nerve damage.

Many prisoners suffer health conditions. Harris's medical records indicate he is being treated for his physical conditions. The warden of his designated facility determined that he did not suffer from a progressive illness that affected his ability to self-care, and that he was not confined to a bed or chair 50 percent of waking hours. (DE 116-3, Warden Response.) As to dementia, the most recent medical record states that medical personnel will complete testing over the next several months, but that there was concern he was "possibly feigning" symptoms. (DE 121-3, Medical Records at 9.) Accordingly, based on the record before it, the Court cannot find that Harris's medical conditions are extraordinary and compelling. *See United States v. Pribyl*, No. 20-11848, 2022 WL 424874, at *3 (11th Cir. Feb. 11, 2022) ("[T]he fact that a prisoner has a common ailment is not an 'extraordinary and compelling reason' for early release from prison" and "a district court does not err in finding a defendant ineligible for compassionate release where certain health conditions are manageable in prison.")

But even if the Court could make such a finding, it must still consider whether "the factors set forth in section 3553(a) to the extent that they are applicable" support the requested sentence reduction. 18 U.S.C. § 3582(c)(1)(A); *Jones*, 980 F.3d at 1103. These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
>   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

3

    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; [and]
  (3) the kinds of sentences available;

18 U.SC. § 3553(a)(1)-(3).

The § 3553(a) factors also include, the "kinds of sentence and the sentencing range" established in the guidelines; "any pertinent policy statement" issued by the Sentencing Commission; "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and "the need to provide restitution to any victims of the offense. § 3553(a)(4)-(7).

The Court considered these factors thoroughly and extensively at Harris's sentencing, and the Court has reconsidered them for this motion. Harris has an extensive and violent criminal history including two prior murder convictions, two robbery convictions, and two drug convictions in state court. The crime for which is currently incarcerated arose from an event that occurred while Harris was on probation for the drug trafficking crimes. During that time, he allegedly threatened someone with a shotgun. After Harris failed to report to his probation officer to discuss the charge, multiple law enforcement officers were called in to assist with Harris's arrest because of his violent history. Officers had to set off flashbangs to get him to leave his residence. A woman exited the house and said Harris had a shotgun. Harris crawled out of the house only after officers fired tear gas canisters into the home. Considering all these circumstances, the Court cannot find that Harris's release from prison is warranted at this time.

  For all these reasons, the Court HEREBY ORDERS that Harris's motion for compassionate release (DE 116) is DENIED.

This 24th day of April, 2023.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY